UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN J. RICHARD,

        Debtor,

CHAPTER 12
Case No. 1:21-cv-11064
Honorable Thomas L. Ludington

_____/

KEVIN J. RICHARD,

        Appellant.

v.

GREENSTONE FARM CREDIT SERVICES, ACA
and GREENSTONE FARM CREDIT SERVICES
FLCA,

        Appellees.

_____/

**ORDER GRANTING APPELLEE'S MOTION TO DISMISS**

On February 25, 2021, the United States Bankruptcy Court for the Eastern District of Michigan dismissed Kevin J. Richard's ("Appellant" or "Debtor") Chapter 12 proceeding. Appellant is a debtor of GreenStone Farm Credit Services ("Appellee" or "Creditor"). On Creditor's Motion to Dismiss, the Bankruptcy Court issued a final order dismissing the Chapter 12 proceeding. Debtor's subsequent motion for reconsideration was denied. Debtor appealed the dismissal to this Court. Creditor has moved to dismiss Debtor's appeal.

I

On January 15, 2020, Debtor filed a voluntary petition under Chapter 12 of the United States Bankruptcy Code. ECF No. 158 at PageID.5 in bankruptcy case 20-20062. Debtor is a dairy farmer who, during the course of this action, was transitioning to cash-crop farming. *Id*. Appellee

in this action is GreenStone Farm Credit Services, Agricultural Credit Association, who was a creditor of Debtor. ECF No. 4 at PageID.18.

Debtor was required to submit a bankruptcy plan no later than April 14, 2020. ECF No. 158 at PageID.6 in case 20-20062. However, Debtor did not submit the plan until May 14, 2020, one month past the deadline. *Id*. On May 27, 2020, Debtor filed a motion to secure cash collateral and requested an emergency hearing. *Id*. Debtor was granted relief in the form of the cash collateral, totaling $116,205.96. *Id*. at PageID.6–8. By the terms of the collateral relief agreement Creditor was granted a continuing and replacement lien in all of Debtor's post-petition property.[1] *Id*. at PageID.9–10. The agreement also mandated that Debtor submit bi-weekly financial reports, which included two-month projections of income and expenses, and information on inventory. *Id*.

Between Debtor's filing of Chapter 12 Bankruptcy and the ultimate dismissal of the case, Debtor routinely failed to timely file mandatory reports with Creditor and U.S. Trustee and failed to provide the requisite information in those reports. ECF No. 158 at PageID.6–15 in case 20-20062. Furthermore, Debtor made proposals to sell real estate to satisfy his loans and never did so. The real estate sale proposal was filed the day before a status conference but was withdrawn the day after. *Id*. at PageID.12–13. The proposed sale of the property would have yielded about $112,000 for Debtor, which would have been used to satisfy a portion of Collateral owed to Creditor. *Id.* Debtor never sold the property.

On February 25, 2021, the United States Bankruptcy Court (the "Bankruptcy Court") entered its Order dismissing the Chapter 12 proceeding for unreasonable delay pursuant to 11 U.S.C. § 1208 (c). *Id*. On March 12, 2021, fifteen days after the entry of the Order Dismissing the Chapter 12 proceeding, Debtor filed his motion for reconsideration. *Id*. The motion was denied

---

[1] This replacement lean was pursuant to 11 U.S.C. §§ 362, 363.

on April 23, 2021. ECF No. 4 at PageID.18. On May 6, 2021, thirteen days later, Debtor filed a Notice of Appeal of the Order Denying Debtor's Motion for Reconsideration. *Id*.

On May 15, 2021, Creditor filed a motion to dismiss Debtor's appeal. ECF No. 4. Creditor argues that Debtor's appeal is untimely pursuant to Federal Rules of Bankruptcy Procedure 8002 and 28 U.S.C. § 158 (c)(2), and, thus, that Debtor's appeal should be dismissed. *Id.* at PageID.19.

## II.

"When reviewing a bankruptcy court's decision, a district court functions as an appellate court, and applies the standard of review generally applied in the federal courts of appeals." *United States v. Pastula* (*In re Pastula*), 227 B.R. 794, 795 (E.D. Mich. 1997) (internal citation omitted). As such, "the bankruptcy court's findings of fact are reviewed under the clear-error standard, and it's conclusions of law are reviewed de novo." *B-Line, LLC v. Wingerter* (*In re Wingerter*), 594 F.3d 931, 935–36 (6th Cir. 2010)

## III.

"The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, [and] decrees." 28 U.S.C. § 158(a)(1)."An appeal [from a bankruptcy court final order] shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." *Id*. at § 158 (c)(2). The Bankruptcy Rules prescribe a fourteen-day period for appeals or motions for reconsideration. Fed. R. Bankr. P. 8002 ("[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."); Local Bankr. Rule ("LBR") 9024-1(a) ("The deadline to file a motion for reconsideration of an order or judgment on the grounds it was erroneous in fact or law is 14 days after the entry of the order or judgment.").

Rule 8002(b) provides exceptions to this fourteen-day period if a petitioner seeks leave or has cause for her untimeliness. However, if a party is on notice, and there are no circumstances that would merit extension of the deadline, the deadline will not be extended and failure to comply with the deadline mandates dismissal. *Tennial v. REI Nation, LLC* (*in re Tennial*), 978, F.3d 1022 (6th Cir. 2020). The Sixth Circuit recently held that "Bankruptcy Rule 8002(a)(1)'s 14-day time limit for filing a notice of appeal . . . [is] mandatory." *Id.* at 1028.

Debtor had fourteen days from entry of the Bankruptcy Court's order dismissing the case on February 25, 2021 to file a motion for reconsideration or an appeal. However, he filed his motion for reconsideration on March 12, 2021, fifteen days after the Final Order was granted. He does not contest that he filed his motion for reconsideration 15 calendar days after the order was entered. However, he argues: (1) the Creditor and Bankruptcy Court counted the days incorrectly and thus the appeal was timely; and (2) the Bankruptcy Court lacked subject matter jurisdiction over certain assets in the bankruptcy.

Debtor's first contention, that the filing was timely, is unpersuasive. Debtor argues that because LBR 9024 does not include the term "within" 14 days, he was therefore not late filing his motion for reconsideration. He provides no legal basis for this assertion.

Debtor also argues that his filing was timely because he filed his appeal from the denial of the motion for reconsideration within 14 days. He filed his motion for reconsideration on March 12, 2021. Counting the days starting with February 26, 2021 as day-one, March 12, 2021, is fifteen days later, one day late of the fourteen-day period prescribed by Rule 8002 and LBR 9024-1(a). Debtor has provided no legal authority for his proposition that he actually had 15 days, not 14 days, to file his motion for reconsideration due to the absence of the word "within" in the LBR.

Debtor's argument that his appeal was timely because he filed his appeal 13 days after the order denying his motion for reconsideration is also unavailing. Debtor had 14 days to either appeal the Final Order or to file a motion for reconsideration. He did neither. The fact that Debtor appealed the order denying reconsideration within 14 days is irrelevant because the clock started after the Final Order was entered. Debtor's failure to meet the first mandatory 14-day deadline to file a motion for reconsideration or appeal, and failure to ask for an extension, necessitates dismissal. Debtor's contention that *Tennial* makes no mention of a "motion for reconsideration" is unpersuasive because Rule 8002 prescribes the same 14-day period for an appeal as for a motion for reconsideration.

Debtor's second argument is that the Bankruptcy Court lacked subject matter jurisdiction over certain assets that were subject to the Chapter 12 and therefore the appeal is proper. This claim is confusing. Debtor contends that the Bankruptcy Court had "improper subject matter jurisdiction over assets of the [Debtor] after dismissal of the [Debtor's] case without the proper findings under 11 U.S.C. 349." ECF No. 5 at PageID.40. He argues that he may "raise[] the issue at any time, including for the first time on appeal." *Id.* However, whether Debtor may raise the jurisdictional question for the first time on appeal is not at issue. Regardless of the merits of his appeal, Debtor had 14 days to appeal or to file a motion for reconsideration. He did neither.

Finally, Appellant's Motion to Amend, ECF No. 7, which corrects typeface procedural requirements in the underlying motion, will be denied as moot.

**IV.**

Accordingly, it is **ORDERED** that Appellee's Motion to Dismiss, ECF No. 4, is **GRANTED**. The appeal is hereby **DISMISSED**.

It is further **ORDERED** that Appellee's Motion to Amend, ECF No. 7, is **DENIED AS MOOT**.

Dated: June 21, 2021                             s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge